

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2003

# Paladino v. Phila Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket 02-1822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Paladino v. Phila Housing Auth" (2003). *2003 Decisions.* Paper 716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1822

———————

GERALD PALADINO; JAMES WRIGHT

v.

PHILADELPHIA HOUSING AUTHORITY;
FREDERICK S. PURNELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
GEORGE FIELDS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY; CHARMAINE MORTON,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
EDWARD A. FRANCE, JR., INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY; JOHN DOE,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
JANE DOE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;

Philadelphia Housing Authority,
Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 99-cv-06424
District Judge: The Honorable Eduardo C. Robreno

———————

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2003

———————

Before: ROTH, BARRY, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed: March 26, 2003)

———————

BARRY, <u>Circuit Judge</u>

Appellees Gerald Paladino and James Wright filed this reverse-race discrimination lawsuit against the Philadelphia Housing Authority ("PHA"), appellant herein, and four individual defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 & 1983, and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951-962. Appellees' §§ 1981 and 1983 claims against the PHA were dismissed on summary judgment, and one individual defendant, George Fields, was dismissed before the jury deliberated. The jury found for appellees as to their claims against the PHA, and against appellees as to their claims against the three remaining individual defendants, Frederick Purnell, Edward France, and Charmaine Morton. The District Court denied the PHA's renewed motion for judgment as a matter of law or, in the alternative, for a new trial. The Court granted in part and denied in part appellees' motions for attorneys' fees and entered a second amended judgment in the amount of $160,690 in favor of Paladino and $152,690 in favor of Wright. The PHA appealed. This Court has jurisdiction under 28 U.S.C. § 1291, and we will reverse.

Because the parties are familiar with the facts of the underlying dispute, we will discuss them only as necessary to resolve the issues presented.

We exercise plenary review over an order denying a motion for judgment as a matter

2

of law. Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 568 (3d Cir. 2002). We generally review the decision whether to grant a new trial for an abuse of discretion, but we give plenary review to pure questions of law. Foster v. Nat'l Fuel Gas Co., 316 F.3d 424, 429-30 (3d Cir. 2003).

The heart of the PHA's appeal is its contention that the jury's verdict is fatally inconsistent. The jury found that the PHA unlawfully discriminated against appellees in violation of Title VII and the PHRA, but it also found that France, Morton, and Purnell were not liable as aiders and abettors under the PHRA and not liable under §§ 1981 and 1983. Appellees did not appeal the latter finding and, appellees' suggestion to the contrary, the PHA did not waive the inconsistent verdict issue. See, e.g., A204, A209-12.

The District Court correctly instructed the jury that it could find that the defendants violated Title VII or § 1981 only if appellees' race "played a role and was a determinative factor in the defendants' decision-making and/or conduct which resulted in the denial of [the] promotion." The jury was also correctly instructed that individual defendant liability for aiding and abetting required "sharing of wrongful intent" with the PHA, and that the PHA can make decisions and act only through its agents.

A finding of intentional discrimination requires a finding that at least one person acting as the PHA's agent had a discriminatory animus towards appellees. Even if the jury drew the inference that the PHA willfully withheld incriminating documents, for example, it would have had to infer that a *particular* agent of PHA was responsible for the discrimination alleged against appellees. Since the bulk of appellees' evidence pointed to

3

France or Morton, who were found to be not liable, the jury could not have found that sufficient evidence existed that Neil Wortman, who worked with France to develop the second selection process and ultimately made the decision to promote Fields, or any other minor actor in this drama, discriminated against appellees. If the jury concluded, as it did, that none of the three individual defendants had a wrongful intent, and no other PHA agent could plausibly be at fault, then the PHA cannot be liable.

In City of Los Angeles v. Heller, 475 U.S. 796 (U.S. 1986), the Supreme Court upheld a district court's order dismissing all charges against a city and its police department based on the jury's verdict exonerating the individual police officer from liability under 42 U.S.C. § 1983 for an unlawful arrest and the use of excessive force. The Court reasoned that the city and the police department were sued only because they were thought legally responsible for the officer's actions; "if the latter inflicted no constitutional injury on respondent, it is inconceivable that petitioners could be liable." Id. at 799. So, too, here.

The jury was correctly instructed on the law, and its verdict finding that France, Morton, and Purnell did not discriminate against appellees and did not aid and abet the PHA in discriminating against appellees is entirely reasonable in light of the weakness of the evidence against them. Moreover, its verdict regarding the individual defendants fatally undercuts the verdict finding the PHA liable. Therefore, the District Court erred in denying the PHA's post-trial motion for judgment as a matter of law or, in the alternative, for a new trial. Because the inconsistency of the jury's verdict requires us to reverse, we do not need

4

to reach the manifold other issues raised by the PHA.

For the foregoing reasons, we will reverse and remand with instructions to enter judgment as a matter of law in favor of the PHA.

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

 /s/ Maryanne Trump Barry 
Circuit Judge